UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.

MIGLAISE ALLIANCE, and other similarly situated individuals,

Plaintiff(s),

v.

ACTIVA HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; INFINITY HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; ANN MARIE THOMPSON; and ROBERT OSOWSKI,

Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs MIGLAISE ALLIANCE ("Plaintiff") and other similarly situated individuals sue the Defendants ACTIVA HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; INFINITY HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; ANN MARIE THOMPSON; and ROBERT OSOWSKI (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

3. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. The Defendants ACTIVA HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; INFINITY HEALTH SERVICES, INC. f/k/a f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health (collectively the "Corporate Defendants") are Florida companies and Florida residents, respectively, having their main places of business in Palm Beach County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. The Defendants ANN MARIE THOMPSON and ROBERT OSOWSKI (collectively the "Individual Defendants"), upon information and belief, reside in Palm Beach County, Florida.

6. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The

Corporate Defendants are an integrated enterprise under the Act. Alternatively, each company is an enterprise under the Act.

7. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the Act.

8. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

**COUNT I: WAGE AND HOUR VIOLATION (OVERTIME)**
**AGAINST THE CORPORATE DEFENDANTS**

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 3-8 above as if set out in full herein.

10. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants

operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provide its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a health care agency and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a health care assistant for the Corporate Defendants' business.

13. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 75 hours per week without being compensated at the rate of not less than one and one-half times the regular rate at which she was employed. Plaintiff was employed as a health care assistant performing the same or similar duties as that of those other similarly situated health care

assistants whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

14. Plaintiff worked for the Corporate Defendants from approximately on or about November 20, 2019, through on or about February 28, 2020. In total, Plaintiff worked approximately 150 compensable weeks under the Act, or approximately 150 compensable weeks if we count 3 years back from the filing of the instant action.

15. The Corporate Defendants paid Plaintiff on average approximately $20 per hour.

16. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

17. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

18. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

a. **Actual Damages: $52,500.00**

   i. Calculation: $20 (average approximate hourly pay) x .5 (overtime rate) x 35 (average approximate number of overtime hours) x 150 (approximate compensable weeks) = $52,500.00

b. **Liquidated Damages: $52,500.00**

c. **Total Damages: $105,00.00**, plus reasonable attorneys' fees and costs of suit.

19. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly

situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

20. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

21. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

22. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**COUNT II: WAGE AND HOUR VIOLATION (MINIMUM WAGE) AGAINST THE CORPORATE DEFENDANTS**

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 9-22 above as if set out in full herein.

24. Plaintiff seeks to recover damages from the Corporate Defendants for unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees.

25. 29 U.S.C. § 206 (a) (1) provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at the lawful minimum wage rate. On July 24, 2007, the Federal minimum wage rate was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

26. "The [Act] provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act." 29 C.F.R. § 541.4.

27. In Florida, the minimum wage in 2017 was $8.10 per hour, $8.25 per hour in 2018, $8.46 per hour in 2019, and is $8.56 per hour in 2020.

28. Plaintiff worked for the Corporate Defendant as a health care assistant from approximately June 14, 2011 to July 7, 2020.

29. However, the Corporate Defendants failed to compensate Plaintiff any wages for approximately nine (9) hours per week from on or about September 29, 2019, through on or about April 11, 2020.

30. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum wages is as follows:

a. **Actual Damages: $2,144.97**

i. <u>Calculation – Unpaid Minimum Wages From September 29, 2019 – December 31, 2020</u>: $8.46 (minimum wage rate) x 9 (approximate unpaid weekly hours) x 13.5 (approximate compensable weeks in 2019) = $**1,027.89**

ii. <u>Calculation – Unpaid Minimum Wages From January 1, 2020 – April 11, 2020</u>: $8.56 (minimum wage rate) x 9 (approximate unpaid weekly hours) x 14.5 (approximate compensable weeks in 2020) = $**1,117.08**

b. **Liquidated Damages: $2,144.97**

c. **Total Damages: $4,289.94**, plus reasonable attorneys' fees and costs of suit.

31. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages, and remains owing Plaintiff these minimum wages, and Plaintiff is thus entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

32. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**COUNT III: WAGE AND HOUR VIOLATION (OVERTIME AND MINIMUM WAGES) BY ANN MARIE THOMPSON AND ROBERT OSOWSKI**

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 9-32 above as if set out in full herein.

34. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendants. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

35. The Individual Defendants are and were at all times relevant a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

36. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime and minimum wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime and minimum wage compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**COUNT IV: UNPAID WAGES UNDER**
**FLORIDA COMMON LAW AND FLA. STAT. SEC. 448.08**

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 3-8 above as if set out in full herein.

39. Plaintiff agreed to work for the Corporate Defendants as a health care assistant, and the Corporate Defendants agreed to compensate Plaintiff for her work.

40. Plaintiff worked for the Corporate Defendant from approximately June 14, 2011 to July 7, 2020.

41. However, the Corporate Defendants failed to compensate Plaintiff any wages for approximately nine (9) hours per week from on or about September 29, 2019, through on or about April 11, 2020.

42. During this time period, Plaintiff's salary was approximately $20.00 per hour.

43. The Corporate Defendants unlawfully retained fifteen (15) weeks' worth of Plaintiff's these duly earned wages, and have thus not paid Plaintiff approximately $2,700.00 in duly earned wages.

44. Furthermore, in or about June of 2020, the Defendants improperly deducted $655.00 from Plaintiff's paycheck.

45. Plaintiff complained to the Corporate Defendants about such unpaid wages.

46. The Corporate Defendants remain owing these unpaid wages to Plaintiff.

47. The Corporate Defendants intentionally retained these duly earned wages.

48. The actions by the Corporate Defendants are illegal.

49. Plaintiff does not owe any moneys to the Corporate Defendants.

50. All the hours worked by Plaintiff were worked within the State of Florida.

51. As a result of the Corporate Defendants' unlawful actions, Plaintiff has been damaged.

52. The Corporate Defendants also remain owing Plaintiff these unpaid wages earned pursuant to Florida common law, and attorneys' fees and costs incurred in pursuing this action pursuant to Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

53. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, respectfully requests this Court grant the following relief:

A. An award to Plaintiff for actual damages in the amount shown to be due for unpaid wages, with interest;

B. Costs of this action, together with reasonable attorneys' fees; and

C. Such other and further relief as this Court deems equitable and just.

Dated: September 15, 2020.

Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*