UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. 9:20-cv-81681-DMM

| | |
|---|---|
| MIGLAISE ALLIANCE, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| ACTIVA HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; INFINITY HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; ANN MARIE THOMPSON; and ROBERT OSOWSKI, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MIGLAISE ALLIANCE ("Plaintiff"), and Defendants, ACTIVA HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; INFINITY HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; ANN MARIE THOMPSON; and ROBERT OSOWSKI ("Defendants") (collectively "the Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982), hereby jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and

1

dismissing this case with prejudice. The Parties' Settlement Agreement is attached as **Exhibit "A"** (the "Agreement").

### I.      Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against, as alleged in the Complaint, her employer. The Parties' Settlement Agreement is attached as **Exhibit "A"** (the "Agreement").

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages brought pursuant to the FLSA and Fla. Stat. § 448.08. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of Plaintiff's FLSA claims.

Notwithstanding Defendants' denial of liability, to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of all claims by the Plaintiff against Defendants. Accordingly, the parties submit the settlement agreement executed by Plaintiff, MIGLAISE ALLIANCE and Defendants, ACTIVA HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; INFINITY HEALTH SERVICES, INC. f/k/a ACTIVA HOME HEALTH OF REGION 8, LLC f/k/a ACTIVA HOME HEALTH OF REGION 4, LLC d/b/a Activa Home Health; ANN MARIE THOMPSON; and ROBERT OSOWSKI for the Court's review and approval. The parties respectfully request the Court approve the terms of the settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), retain jurisdiction to enforce the Settlement Agreement, and dismiss this cause with prejudice upon making a finding that the settlement is approved.

## II.     Terms of Settlement

This case involved, a claim for unpaid overtime and minimum wages. The Plaintiff claimed that she worked for Defendants as an employee of the Defendants and that during the time she was

employed, she was not properly paid for all hours worked. The Defendants adamantly denied Plaintiff's claims.

The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's employment with Defendants, including Plaintiff's pay, hours worked, vacation time, and time records. Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendants, the Parties agree that a settlement payment of $30,000.00, including attorneys' fees and costs payable in one lump sum is a fair compromise.

As a result, the settlement agreed upon in this matter – total payment of $30,000.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $25,000 as payment to Plaintiff for unpaid overtime wages and liquidated damages under the FLSA (50% of this amount will pay Plaintiff's claim for unpaid wages and 50% of this amount will pay Plaintiff's claim for liquidated damages);

b. $580.00 payable to Plaintiff's counsel as reimbursement for service of process costs and filing fees;

c. $4,420.00 payable to Plaintiff's counsel as attorney's fees.

The attorneys' fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's

behalf. A copy of Saenz & Anderson, PLLC's declaration and billing records in support of this motion are attached as **Exhibit "B"**.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### **III**.   **Conclusion**

The Parties respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice with the Court retaining jurisdiction to enforce the terms of the settlement agreement. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Dated: December 18, 2020.                                                     Respectfully submitted,

| **s/Aron Smukler** <br> Aron Smukler (FBN: 297779) <br> E-mail: asmukler@saenzanderson.com <br> SAENZ & ANDERSON, PLLC <br> 20900 NE 30th Avenue, Ste. 800 <br> Aventura, Florida 33180 <br> Telephone: (305) 503-5131 <br> Facsimile: (888) 270-5549 <br> *Counsel for Plaintiff* | **s/Christian Zinn** <br> Christian Zinn (FBN: 118976) <br> E-mail: czinn@zinnlawoffice.com <br> ZINN LAW OFFICE, PLLC <br> 7957 N. University Drive #115 <br> Parkland, FL 33067 <br> Telephone: (586) 291-9564 <br><br> **s/Richard D. Tuschman** <br> Richard D. Tuschman (FBN: 907480) <br> E-mail: rtushman@gtemploymentlawyers.com <br> RICHARD D. TUSCHMAN, P.A. <br> 12555 Orange Drive, 2nd Floor <br> Davie, FL 33330 <br> Telephone: (954) 369-1050 <br> Facsimile: (954) 380-8938 <br><br> *Attorneys for Defendants* |